Gmail                                         Johnny Franks <rock2hollow@gmail.com>



**Johnny Franks <rock2hollow@gmail.com>**                    Fri, Mar 27, 2026 at 8:36 AM
To: Johnny Franks <rock2hollow@gmail.com>

United States District Court for the District of Maryland

**John Lee Franks JR**
v.
**LT OSBOURNE**

# COMPLAINT AND REQUEST FOR RELIEF

To the Honorable Judge,

I respectfully submit this complaint regarding an incident that occurred while I was in custody and being transported to court for proceedings in the above-captioned case.

On or about June 8 through 17, while being transported by a correctional officer, I experienced conduct that made me feel unsafe and intimidated. Specifically, the officer touched me in a manner that I believe was inappropriate. As a result of this incident, I was fearful and uncomfortable, which prevented me from speaking freely or fully presenting my situation to the Court during my hearing.

Because of this fear and distress, I was unable to communicate important information relevant to my case. I respectfully ask the Court to take this into consideration.

## Request for Relief

I respectfully request that the Court:

1. Grant additional time or a continuance in this matter; and/or
2. Allow me an opportunity to be heard again so I may fully and safely present my case; and
3. Consider any other relief the Court deems just and appropriate under the circumstances.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

John Lee Franks
03/27/2026

 Gmail                                    **Johnny Franks <rock2hollow@gmail.com>**

---



---

**johnnyc9191@icloud.com** <johnnyc9191@icloud.com>
To: rock2hollow@gmail.com

I, John franks Jr, declare under penalty of perjury that the following is true and correct to the best of my knowledge and recollection:

Between **June 8 and June 16, 2020**, I was experiencing a significant mental health crisis. During this period, I was under observation, frequently moving, and monitored by staff for safety. I do not recall the exact date I was placed in a suicidal observation cell, but these events occurred within this timeframe. On **June 16, 2020**, I was hospitalized due to a *TAZA* wound to my chest and received emergency medical treatment. On **June 17, 2020**, after stabilization, I was transported to a mental hospital for evaluation and was admitted, where medical staff examined and treated me.

I understand that this statement may be used as an official record of events and can be relied upon as true.

**Executed on this** 27 **day of** March **, 2026.**

**Signature:** _____
**Printed Name:** JOHN L FRANKS

**State of** Delaware
**County of** New Castle

Subscribed and sworn to (or affirmed) before me on this ____ day of _____, 2026, by John Lee Franks Jr, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

**Notary Public Signature:** _____
**My Commission Expires:** _____

 **Gmail**                                              **Johnny Franks <rock2hollow@gmail.com>**

---

**johnnyc9191@icloud.com** <johnnyc9191@icloud.com>                    03/27/2026    2026
To: rock2hollow@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**John Lee Franks JR,**
Plaintiff,
v.
**CECIL COUNTY, MARYLAND, et al.,**
Defendants.

___ FILED    ___ ENTERED
___ LOGGED    ___ RECEIVED

APR    2 2026

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                    DEPUTY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

## I. INTRODUCTION

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of rights secured by the Constitution of the United States.
2. Plaintiff seeks damages for excessive use of force, denial of medical care, unconstitutional conditions of confinement, and failure to provide adequate mental health care while detained at the Cecil County Detention Center in 2021.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.
4. Venue is proper in the District of Maryland because the events giving rise to this claim occurred in Cecil County, Maryland.

## III. PARTIES

5. Plaintiff, [John Lee Franks jr, is an adult individual who was detained at the Cecil County Detention Center in 2020.
6. Defendant Cecil County, Maryland, is responsible for the operation, policies, and supervision of the Cecil County Detention Center.
7. Defendants John Does 1–10 are correctional officers and staff employed at the facility whose identities are currently unknown.

## IV. STATEMENT OF FACTS

8. In or about 2020, Plaintiff was detained in the booking area of the Cecil County Detention Center and placed in a suicidal observation cell.
9. Plaintiff remained in the holding cell for approximately one week and was only allowed two phone calls during that time.
10. Plaintiff was escorted by multiple officers into a bathroom area and required to strip in their presence. During this process, an officer made physical contact with Plaintiff before allowing removal of undergarments. Plaintiff was then required to wear only a safety garment while naked.
11. While in the cell, Plaintiff began experiencing a severe mental health crisis, including paranoia and auditory hallucinations.
12. Despite Plaintiff's obvious mental distress, no adequate mental health intervention was provided.
13. Without justification, officers deployed a Taser against Plaintiff, striking him in the groin area.
14. While Plaintiff was attempting to comply, an officer twisted Plaintiff's leg, causing a fracture.
15. Plaintiff was returned to the cell without medical evaluation or treatment for the injury.
16. Medical staff were present but failed to examine or treat Plaintiff.
17. Plaintiff continued to deteriorate mentally, including expressing that he was hearing voices during a phone call with family.
18. Plaintiff attempted to get attention by waving a garment in front of the cell window for an extended period, but no assistance was provided.
19. Plaintiff was denied access to a bathroom and was instructed to relieve himself on the floor.

20. Officers later re-entered the cell and again used force, deploying a Taser to Plaintiff's chest, causing him to lose consciousness.

21. While incapacitated, officers applied additional force to Plaintiff's body, including his neck and injured leg.

22. Plaintiff was transported to a hospital but did not receive proper treatment for his fractured leg.

23. Plaintiff remained at the hospital for approximately two days under officer supervision, during which time officers discussed the incident but no corrective action or medical care for the leg injury was provided.

24. Plaintiff was then transported to a mental health facility while still suffering from an untreated fracture and ongoing psychological distress.

## V. CLAIMS FOR RELIEF

### Count I – Excessive Force (Fourth and Fourteenth Amendments)

25. Defendants used force against Plaintiff that was objectively unreasonable and excessive under the circumstances.

26. The use of Tasers and physical force causing a fracture was not justified by any legitimate safety need.

### Count II – Deliberate Indifference to Serious Medical Needs

27. Plaintiff had a serious medical need, including a fractured leg.

28. Defendants knowingly failed to provide necessary medical care.

29. This failure caused unnecessary pain, suffering, and risk of further injury.

### Count III – Deliberate Indifference to Mental Health Needs

30. Plaintiff exhibited clear signs of a mental health crisis.

31. Defendants failed to provide appropriate mental health care or intervention.

### Count IV – Unconstitutional Conditions of Confinement

32. Plaintiff was denied basic human needs, including sanitation and humane treatment.

33. Forcing Plaintiff to remain naked and use the floor as a toilet constitutes inhumane treatment.

## VI. DAMAGES

34. As a direct result of Defendants' actions, Plaintiff suffered:

- Physical injury, including a fractured leg
- Severe pain and suffering
- Emotional distress and psychological trauma
- Humiliation and degradation
- Ongoing mental and physical effects

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages in an amount to be determined at trial

B. Punitive damages against individual defendants

C. Costs of this action

D. Any other relief the Court deems just and proper

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

John L Franks Jr

310 north union street 19805

(302)314-9335

 Gmail

Johnny Franks <rock2hollow@gmail.com>



**johnnyc9191@icloud.com** <johnnyc9191@icloud.com>    3/27/2026
To: rock2hollow@gmail.com

Tolling:
2020 – incident + mental breakdown
2020–2021 – in and out of hospitals
2021–2022 – unstable / homeless
2023–2024 – still struggling
2025–now – more stable, able to act


- Excessive use of force
- Denial of medical care
- Failure to provide mental health care
- Inhumane conditions of confinement


**Officers knew exactly what happened and still didn't act**
**You were under their control for days with no proper treatment**
**Your injury persisted across multiple locations (jail → hospital → mental facility)**
**Your mental state was obvious and documented (phone call, behavior, witnesses)**


**42 U.S.C. § 1983).**

**Summary of Civil Rights Violations – Cecil County Detention Center (2020)**
I was incarcerated in the booking area of the Cecil County Detention Center in Cecil County, Maryland, in or about 2020. Upon intake, I was placed in a holding cell described to me as a "suicidal cell," where I remained for approximately one week.
During this time, I was subjected to inhumane conditions of confinement. I was provided food that was not edible, and as a result, I went multiple days without eating. I was only allowed to make approximately two phone calls during this entire period.
While in booking, I was escorted by approximately four correctional officers into a bathroom area and ordered to strip in front of them. During this process, one officer engaged in unnecessary and inappropriate physical contact with me before allowing me to remove my underwear. I was then required to put on a blue safety jacket while completely naked and was returned to the cell.
After being returned to the cell, I began experiencing severe mental distress, including paranoia and fear that I was in danger. I acted erratically due to confusion and fear, including shadow boxing and attempting to protect myself from perceived threats.
At a later point, after I was permitted to make a phone call, officers became physically aggressive toward me. Two officers deployed a Taser, including striking me in the groin area without justification. As I attempted to comply, the same officer who had previously made inappropriate contact with me during the strip search used force against me. While engaging with me, he twisted my leg and fell on top of me, causing a fracture to my leg and injury to my neck.
Following this use of force, I was returned to the cell. Despite the obvious severity of my injuries, including a fractured leg, I was denied medical care. No nurse or medical staff evaluated or treated me, and I was not provided any brace, cast, or pain medication. Medical personnel were present in the booking area but did not provide assistance.
During this time, I was experiencing a severe mental health crisis, including auditory hallucinations and paranoia. During a phone call with my mother, I stated that I was hearing voices and believed that cameras were speaking to me.
At one point, I removed the blue safety jacket and remained naked in the cell. I waved the jacket in front of the window for an extended period in an attempt to get attention or help, but no officers responded.
I was denied access to a toilet and was instructed to urinate on the floor. Due to fear, distress, and lack of access to proper facilities, I also defecated on the floor.
After this, officers entered the cell again and used additional force against me. I was tased in the chest, causing me to lose consciousness. While I was unconscious or regaining consciousness, officers applied further force to my body, including my neck and

injured leg, causing additional pain and injury.

Following these events, I was transported to a hospital. Despite my fractured leg, hospital staff failed to properly evaluate or treat the injury and instead focused only on the effects of the Taser deployment to my chest.

I remained at the hospital for approximately two days under the supervision of the same officers involved in the incident. During that time, those officers discussed the events that occurred in booking, including my behavior during my mental health crisis. Despite their awareness of my condition and injuries, no proper treatment was provided for my leg.

Due to the lack of medical care, I attempted to reposition my leg myself while in severe pain and distress.

After leaving the hospital, I was physically carried by two officers and transported to a mental health facility in Springfield, Maryland. At that time, I continued to suffer from an untreated leg injury as well as ongoing mental distress.

Throughout this entire period, I was subjected to excessive force, denied necessary medical care, denied mental health treatment during a clear crisis, and held in inhumane conditions of confinement.

Officers names report number
"2020-0029"

Sgt wright

DFC Reyes

S/Dfc Clayton

Lt Osborne et, al